# IN THE MATTER OF HART & COMPANY, LIMITED, BANKRUPT.

## May 18, 1906.

*Bankruptcy—Attorney's fees:*  Petition for fees of attorneys of creditors of involuntary bankrupt, for legal advice on the question of bringing proceedings furnished before the inception of bankruptcy proceedings, disallowed.

*Involuntary Bankruptcy:*  Petition for attorneys' fees.

*Thayer & Hemenway,* for Petitioners.

DOLE, J. This is a case of involuntary bankruptcy, the bankrupt being a corporation. The firm of Thayer & Hemenway, attorneys-at-law, filed a petition for the allowance of fees out of the assets of the said estate for their services therein, according to the following schedule:

1906.
Feb. 20  Consultation with creditors; advised as to procedure;
21  Conference with creditors;
24  Prepared opinion on question whether a "restaurant keeper" or corporation engaged in such an occupation could be put into bankruptcy involuntarily; also, whether creditors who were likewise directors could pass a resolution declaring the willingness of the corporation to be declared bankrupt;
26  Conference with creditors, and drew petition in involuntary bankruptcy;
27  Interview with various creditors;
28  Had petition in bankruptcy signed and filed;
Mar. 1  Advised in the matter of continuance of business pending the adjudication;
9  Interview with creditors;
12  Attended in United States District Court, return day of petition for adjudication; continued to 19th;
19  Attended hearing on adjudication, adjudication made;

20   Drew and filed order directing Thayer and Hemenway to assist bankrupt in preparing schedules;
21   Prepared notice to creditors (Referee being absent on Kauai) and sent same to Referee at Lihue;
April 9   Worked on schedules in bankruptcy;
10   Completed and filed schedules;
11   Attended first meeting of creditors for appointment of trustee and examination of bankrupt.

The petitioners appeared for creditors of the bankrupt and during the course of the proceedings were ordered by the court, there being no contest by the bankrupt, to assist in the preparation of the schedules of the said estate.

I find that they are entitled to fees for professional services in preparing petition for adjudication, attendance at court, return day and the day set for hearing, at which time adjudication was granted; also for advising in the matter of continuance of business pending adjudication, interview with creditors after proceedings begun, and attending first meeting of creditors for appointment of trustee and examination of bankrupt. They are also entitled to fees for assisting the bankrupt in the preparation of the schedules. It does not appear that they represented the bankrupt in any other way except in the preparation of the order referred to. The first five items of their statement of services rendered are disallowed, except as to drafting petition in the fourth, there being no authority for charging fees against the assets of the estate for their services to the creditors, otherwise than as set forth above. Such charges relate to services rendered to creditors before proceedings were begun and are matters solely between them and such creditors.

The estate is a large one representing in property and book accounts a value of $9,218.34 with debts of over $25,000. A reasonable fee for these services is, in my judgment, the amount of one hundred ($100.00) dollars, which is allowed to be paid out of the bankrupt estate.